

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-19-00194-CV**

**IN RE BRAYDEN CROOK AND JONATHAN CROOK**

_____

**Original Proceeding**

---

**DISSENTING OPINION**

---

In this proceeding, the Relators want us to set aside a gag order rendered by the trial court judge. The verified petition for a writ of mandamus states that the order was rendered against the Relators after an *ex parte* hearing on a motion for the gag order without notice or an opportunity to be heard. After the petition for writ of mandamus was filed, the Real Party in Interest moved the trial court for a clarification of the gag order. Again without notice and an opportunity to be heard, the trial court purported to clarify the gag order. It should be beyond dispute that such an order and clarification, even if alleged to be an emergency, should not have been rendered and then modified as

a result of *ex parte* proceedings in which one side is deprived of the opportunity to present evidence, respond to evidence, or cross examine the party seeking the order. The Real Party in Interest attempts to justify the merits of the gag order based on the allegations that secured, and the findings made to justify, the gag order and its clarification. But what the Real Party in Interest does not defend, explain, or even respond to is why this order and clarification was sought or allowed to be obtained without notice and the opportunity to be heard at the hearing by the Relators. In fact, the Real Party in Interest asserts that in the 24 hours between the filing of the motion for clarification and the trial court signing the clarification order that "Relators failed to respond in any manner. No request for a special setting or request to file an opposition was made." It was not the Relators' motion. It was not their duty to request or obtain a setting on the Real Party in Interest's motion or request leave to file a response. And until there was a setting, and notice thereof, the Relators had no realistic opportunity to even file a response, much less request a hearing on the Real Party in Interest's motion.

To deny the Relators the most fundamental of procedural due process rights, notice and an opportunity to be heard on a hotly contested motion for a gag order, is clearly an abuse of discretion for which there is no effective remedy by appeal. There is no need to even get to the merits of the gag order, because the procedure engaged in to obtain it cannot justify allowing the order to remain in effect. I would grant the petition for writ of mandamus and issue the writ of mandamus to compel the trial court to

immediately and without delay withdraw and set aside the gag order and purported clarification of the gag order. Because the Court denies the petition for writ of mandamus, thus leaving the trial court's gag order and clarification in place, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting Opinion delivered and filed June 19, 2019
[OT06]

